### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In re*: Nonparty Subpoena to American Express Company, | ) ) ) | Civil Action No. |

John Doe, Petitioner.
v.
Inter City Tire
and Auto Center, Inc., Respondent.

)
)
)
)
)
)
)
)
)

### NONPARTY JOHN DOE'S MOTION TO PROCEED ANONYMOUSLY

**YOU WILL PLEASE TAKE NOTICE** that the undersigned, attorneys for nonparty

John Doe, will move before the presiding Judge for the United States District Court for the

District of Massachusetts at such time and place as the Court may direct for an order allowing

him to proceed anonymously in the matter involving his Motion for a Protective Order and/or for

an order quashing the subpoena served on American Express Company, which is filed

contemporaneously with this Motion.

### FACTUAL BACKGROUND

1.      John Doe is a Cardholder of a certain American Express card.  American Express

is a nonparty to a federal lawsuit between a truck tire dealer and a tire manufacturer, among

several others, styled *Inter City Tire and Auto Center, Inc., et al. v. Michelin North America,*

*Inc., et al.*  It apparently involves various claims and counterclaims involving business disputes

amongst the parties.  The lawsuit is currently pending in the District of South Carolina:  6:13-cv-

02752-HMH and 6:13-cv-01067-HMH.

2.      On or about November 3, 2014, Massachusetts counsel for Inter City Tire and

Auto Center, Inc. ("Inter City") sent a Subpoena to nonparty American Express Company

("American Express") through the company's registered agent in Massachusetts.  The Subpoena

commanded compliance at the office of local counsel in Boston, Massachusetts (Exhibit A).

3.      The Subpoena requested American Express to produce a vast array of

communications, information, and documents that covered a fourteen year period, including

account statements regarding certain account numbers, one of which belongs to nonparty John

Doe (3713XXXXXXXX006).

4.      Contemporaneously with this Motion, nonparty John Doe has filed a Motion to

Quash or alternatively, for Protective Order regarding the Subpoena sent to nonparty American

Express.

**ARGUMENT**

5.      The United States Supreme Court has implicitly endorsed the use of pseudonyms

to protect privacy.  *See Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973);

*Poe v. Ullman*, 367 U.S. 497 (1961).

6.      Additionally, many federal courts generally allow individuals to proceed

anonymously when anonymity is necessary to protect a person from harassment, injury, ridicule,

or personal embarrassment.  *Does I Through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058,

1067-68 (9th Cir. 2000); *accord S. Methodist Univ. Ass'n of Women Law Students v. Wynne &

Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).

7.      This need is especially true when the privacy of a non-party is threatened.

Different rules apply to parties.

8.      This Court has acknowledged that it has discretion to allow individuals to proceed

anonymously.  *See Doe v. Bell Atl. Business Sys. Servs.*, 162 F.R.D. 418 (D. Mass. 1995).

9.       This Court has stated that the appropriate analysis for real parties is (1) whether

there is a presumption in favor of disclosure; (2) whether a party may rebut the presumption by showing that a need for confidentiality exists; and (3) a balancing between the need for confidentiality against the public interest in disclosure.  *Id.* (citing *Doe v. Prudential Ins. Co. of America*, 744 F. Supp. 40, 41 (D.R.I. 1990)).

10.     Again, this matter does not involve real parties.  This matter is related to a longstanding dispute between numerous businesses and individuals being litigated in the District of South Carolina, which does not include John Doe.  Through no fault of his own, Inter City has subpoenaed his personal American Express records from the past fourteen years, with no showing whatsoever of their relevance to the lawsuit, nor any special need Inter City may have in such private and personal information. The disclosure of that information and his identity is potentially very injurious and embarrassing.

11.     Additionally, the release of John Doe's identity and spending habits for more than a decade is potentially damaging to his privacy, reputation, and based on the long, litigious history of the underlying matter, could potentially subject him to criminal prosecution as nothing other than a means of harassment by lawyers in another state.  Further, the release of his identity and corresponding private financial information of someone that is not even a party to the underlying matter is something that is highly personal and of the utmost intimacy and deserves protection.  John Doe has a constitutional right to privacy under the United States and State of Massachusetts constitutions.

12.     This matter is a single issue matter for this Court and involves parties that are not citizens of Massachusetts.  John Doe must make the appropriate filings in this Court as this is the proper District where American Express has been asked to comply with the nonparty Subpoena concerning John Doe's records.  It is only right that he as a nonparty in a matter that is being

3

prosecuted in South Carolina be able to proceed anonymously in this forum for the sole purpose of moving to quash the nonparty Subpoena.

13.     John Doe further requests reasonable attorney's fees and costs for having to file this Motion.

## **<u>CONCLUSION</u>**

Thus, for the foregoing reasons, this Court should enter an Order allowing nonparty John Doe to proceed anonymously in the matter involving his Motion for a Protective Order and/or for an order quashing the subpoena served on nonparty American Express Company, and award of reasonable attorney's fees and costs.


November 19, 2014                           s/ Bret A. Cohen_____
                                            Bret A. Cohen, BBO No. 637830
                                            Joel D. Rothman, BBO No. 685814
                                            Mintz Levin Cohn Ferris Glovsky & Popeo, PC
                                            One Financial Center
                                            Boston, MA  02111
                                            617.348.3089

                                            Bradford N. Martin, Esq.
                                            S.C. Bar No. 03685
                                            BRADFORD NEAL MARTIN & ASSOCIATES, P.A.
                                            201 W. McBee Ave., Suite 302 (29601)
                                            Post Office Box 10410
                                            Greenville, South Carolina 29603
                                            864.552.9990
                                            864.552.9992 Facsimile

                                            (*Pro Hac Vice* Admission Pending)

                                            **ATTORNEYS FOR NONPARTY JOHN
                                            DOE**

## RULE 7.1 CERTIFICATION

I hereby certify that pursuant to Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, Bradford N. Martin, counsel for John Doe, has conferred and explored in good faith with counsel for Inter City about the possibility of resolving the matters in controversy.  The parties were unable to resolve the issue.

s/ Bret A. Cohen                              
Bret A. Cohen

## CERTIFICATE OF SERVICE

On this day of November 19, 2014, I caused **NONPARTY JOHN DOE'S MOTION AND MEMORANDUM TO PROCEED ANONYMOUSLY** to be filed electronically and it is available for viewing and downloading from the ECF system to the registered participants and as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.  For those non-registered participants, I hereby certify that due and proper service of the document(s) was made by sending a true copy(ies) of same via Federal Express to:

Michael J. Connolly, Esq.
Hickley Allen & Snyder, LLP
28 State Street
Boston, MA 02109

s/ Bret A. Cohen                              
Bret A. Cohen

5